**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**TAGBA ABISSI, *et al.*,**          *

    **Plaintiffs,**          *

    **v.**          *          **Civ. No. JKB-23-03176**

**UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,**          *

    **Defendant.**          *

  *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM

Plaintiffs—a group of five asylum seekers originally from Togo, Burma, Burundi, and Senegal, plus two nonprofit organizations[1]—have brought this action against the United States Citizenship and Immigration Services ("USCIS"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* (ECF No. 1.) Pending before the Court is USCIS's Motion to Dismiss or Transfer. (ECF No. 13.) The Motion is fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the Court will grant USCIS's Motion in part, and transfer this case in its entirety to the United States District Court for the District of Columbia.

## I.    Factual Allegations and Procedural Background

Plaintiffs Tagba Abissi, Aye Khine, Maung Nyunt, Rica Gatore, and Mamadou Badiane are all foreign asylum seekers, now resident in the United States, each of whom had an interview with an asylum officer. (ECF No. 1 at 3–4.) Plaintiff Louise Trauma Center LLC is a nonprofit

---

[1] USCIS disputes the nonprofit status of these two organizations. (*See* ECF No. 13 at 2.) The Court makes no findings on whether the organizations are in fact nonprofits, but will assume that Plaintiffs' characterization is accurate at this procedural posture.

organization dedicated to helping female asylum seekers who have suffered from gender-based violence. (*Id.* at 4.)  Plaintiff Free Burma Society LLC is a nonprofit organization dedicated to supporting pro-democracy efforts in Burma.  (*Id.*)

Abissi, a citizen of Togo, was interviewed by a USCIS asylum officer, who wrote an assessment of his case in 2013. (ECF No. 1 at 4–5.) After the Louise Trauma Center made a third-party request to USCIS for the assessment on Abissi's behalf pursuant to the FOIA, USCIS released a portion, but not the entirety, of the assessment to it in 2023.  (*Id.*)  Khine and Nyunt (citizens of Burma), Gatore (a citizen of Burundi), and Badiane (a citizen of Senegal) all had similar experiences of applying for asylum, being interviewed by a USCIS agent, having either Louise Trauma Center or Free Burma Society request the assessment and/or other records on their behalf, and receiving an incomplete disclosure from USCIS. (*Id.* at 3–4, 19–34.)

Plaintiffs filed the instant Complaint in November 2023, requesting that the Court order USCIS to produce the requested documents pursuant to the FOIA, enter declaratory judgment in their favor, and award attorney's fees and costs. (*Id.* at 35.)

## II.    Legal Standard

A defendant may move to dismiss a complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Stone v. Wells Fargo Bank*, 361 F. Supp. 3d 539, 549 (D. Md. 2019). On a Rule 12(b)(3) motion, the plaintiff bears the burden of making a prima facie showing that the District of Maryland is a proper venue as to each claim and as to each party. *Id.*; *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 3807, 3826 (4th ed. 2023) (hereinafter "Wright & Miller").  In determining whether venue is appropriate, the court views the facts in the light most favorable to the plaintiff, and may consider evidence outside of the pleadings. *Stone*, 361 F. Supp. 3d at 549.

2

The general federal venue provision, 28 U.S.C. § 1391, does not apply to FOIA actions. Instead, in a FOIA suit, venue is proper only in the following districts: (1) the district in which the plaintiff resides or has their principal place of business; (2) the district in which the relevant agency records are located; and (3) the District of Columbia. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (citing 5 U.S.C. § 552(a)(4)(B)); *Donoghue v. Newcombe*, Civ. No. CCB-20-2736, 2020 WL 5982887, at *2 (D. Md. Oct. 8, 2020). This venue framework reflects Congress's intention to make the District of Columbia "an all-purpose forum in FOIA cases," allowing the District of Columbia courts to develop special expertise in the subject and offering enhanced convenience for governmental defendants. *Scott*, 709 F.2d at 720.

## III.    Analysis

### A. *Venue*

The Complaint names seven Plaintiffs. (ECF No. 1 at 1.) Only two—Abissi and Gatore—are identified as residents of Maryland. (*Id.*) Of the rest, two—Badiane and Louise Trauma Center LLC—are residents of the District of Columbia, two—Khine and Nyunt—are residents of California, and one—Free Burma Society LLC—is a resident of Virginia. (*Id.*) Thus, for five out of seven plaintiffs, venue can be proper in this District only if the relevant "agency records are situated" in Maryland. 5 U.S.C. § 552(a)(4)(B). The Court will refer to this category of venue as "agency records venue."

The Complaint is entirely devoid of allegations as to where the relevant records are located. The only discussion of venue in the Complaint is a single conclusory statement that "[v]enue is appropriate under 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1391, because Defendant is located here." (ECF No. 1 at 3.) USCIS, in turn, asserts that the relevant records are located at the USCIS National Records Center in Lee's Summit, Missouri. (ECF No. 13 at 3.) This assertion is

3

reinforced by the fact that the letters that USCIS sent to Plaintiffs regarding their administrative appeals of their FOIA requests bore a Lee's Summit, Missouri return address. (*See* ECF No. 1 at 12, 18, 21, 23, 26, 27, 29, 34.)

Plaintiffs do not dispute that the relevant records are located in Missouri. (*See generally* ECF No. 14.) Instead, they argue that "[t]he headquarters of the Asylum Division are in Maryland. The general headquarters of the agency are here. Certainly, some records are here." (*Id.* at 4.) However, Plaintiffs have not cited any authority for their contention that the location of an agency's headquarters, without more, suffices to establish agency records venue under the FOIA.

Plaintiffs' theory is irreconcilable with the statutory text, which provides that agency records venue lies only in the district in which the records that the plaintiff wishes "to enjoin the agency from withholding" "are situated." 5 U.S.C. § 552(a)(4)(B). In other words, the agency records venue inquiry turns on the location of *those specific records that the plaintiff seeks to access*; the fact that there may be some, unrelated agency records in this District is irrelevant. Indeed, several courts have rejected the notion that a FOIA plaintiff can establish agency records venue by pointing to the "the mere possibility that requested documents may be located in a district." *Friends of the River v. U.S. Army Corps of Eng'rs*, Civ. No. 16-05052-YGR, 2016 WL 6873467, at *2 (N.D. Cal. Nov. 22, 2016) (noting that the caselaw is limited but that the few cases to have addressed the issue have reached the same conclusion).

Thus, the Court concludes that venue is proper in this District only as to two of the seven Plaintiffs. Because "venue must be proper as to each claim and as to each party," 14D Wright & Miller § 3807, the District of Maryland is therefore not a proper venue for this action.

4

**B.** *Pendent Venue*

Plaintiffs argue in the alternative that even if venue does not properly lie in this District, the Court should nevertheless retain this case by exercising "pendent venue" over the remaining five Plaintiffs. (ECF No. 14 at 4.) Pendent venue is a discretionary, judge-made doctrine that permits a court to hear claims for which venue does not properly lie in the district when they are closely related to claims for which venue is proper. *Coastal Labs. Inc, v. Jolly*, 502 F. Supp. 3d 1003, 1023–24 (D. Md. 2020); *Doyle v. McDonough*, Civ. No. ELH-20-3478, 2021 WL 4846938, at *20 (D. Md. Oct. 15, 2021); 14D Wright & Miller § 3808.

The Court declines to invoke pendent venue in this case. Courts are hesitant to employ pendent venue when, as here, Congress has enacted a special venue provision for the claim at issue. *See Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Trans. Corp.*, 578 F. Supp. 2d 584, 595 (S.D.N.Y. 2009), *abrogated in part on other grounds by Rexroth Hydraudyne B.V. v. Ocean World Lines, Inc.*, 547 F.3d 351, 361 (2d Cir. 2008); *Eleazu v. Dir. U.S. Army Network Enterprise Cent.*, Civ. No. 3:20-2576-JMC-SVH, 2020 WL 6875538, at *4 (D.S.C. Nov. 23, 2020); *see also* 14D Wright & Miller § 3808 (collecting cases). Moreover, at least one court in this District has declined to exercise pendent jurisdiction in an analogous FOIA action. *See Holmes-Hamilton v. FBI*, Civ. No. GJH-21-00702, 2021 WL 5166376 (D. Md. Nov. 5, 2021). In that case, venue was improper because only two out of three plaintiffs were Maryland residents, and the agency records were located elsewhere. *Id.* at 3–4. There, the court declined to exercise pendent venue over the remaining plaintiff, observing that it was "unaware of any authority showing that other courts have exercised pendent venue in a FOIA records action in a similar circumstance," and that "at least one court has previously cautioned against doing so because of concerns over forum shopping." *Id.* at *4 (citing *Boggs v. United States*, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997)).

5

### C. *Transfer of Venue*

Having concluded that venue is not proper in the District of Maryland for five out of seven Plaintiffs, the Court must determine whether to dismiss those Plaintiffs from the case, or else to transfer the case to a jurisdiction where venue would properly lie. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). When the case could be properly brought in another venue, courts generally prefer to transfer the case rather than dismiss it outright, unless there is evidence that the plaintiff is acting in bad faith. *Doyle*, 2021 WL 4846938, at 21.

With respect to the five Plaintiffs who are not resident in Maryland, the Court concludes that the appropriate course of action is to transfer venue to the District of Columbia, rather than to dismiss their claims altogether. Plaintiffs appear to have had a good faith, though legally flawed, reason for bringing this lawsuit in Maryland. This factors in favor of transferring the case, rather than dismissing those Plaintiffs from the action. Moreover, Congress's decision to designate the District of Columbia as an "all-purpose forum," for FOIA actions, *Scott*, 709 F.2d at 720, also counsels in favor of transferring the case rather than dismissing it with respect to those Plaintiffs, given that venue is always proper there under 5 U.S.C. § 552(a)(4)(B).

With respect to the two Plaintiffs who *are* Maryland residents, the Court concludes that the interests of justice and the convenience of all parties counsels in favor of also transferring their cases to the District of Columbia. When venue is proper with respect to some, but not all, parties, district courts have discretion to transfer the entire case to a proper venue. 14D Wright & Miller § 3807. In deciding whether to transfer venue from a jurisdiction where it properly lies, courts consider (1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and

6

access; (3) the convenience of the parties; and (4) the interest of justice. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs, Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (citing 28 U.S.C. § 1404(a)).

The Court accords due weight to the Maryland Plaintiffs' choice of venue, but finds that the other factors favor transfer of the entire case, rather than splitting this case in two and requiring it to proceed in a piecemeal manner.  Judicial economy and the convenience of the parties favors transferring the entirety of this case, rather than retaining this case in part.  Transferring the case to the District of Columbia will also foster judicial economy in a second way, as there is already related litigation involving some of the same parties and issues ongoing in that jurisdiction. (*See* ECF No. 13 at 4–6.)  Moreover, while there are some factual differences between the claims of the different Plaintiffs, each claim implicates substantially similar legal questions about the extent to which Plaintiffs are entitled to the requested categories of information under the FOIA.  Finally, transfer is unlikely to substantially inconvenience the two Maryland-based plaintiffs (Abissi and Gatore), because (1) both live within a 90-minute drive at most from Washington, D.C.,[2] and (2) Plaintiff's counsel's office is *already* located in Washington, D.C. (*See* ECF No. 1 at 35.) Accordingly, rather than effecting only a limited transfer, the Court will instead transfer this entire case to the U.S. District Court for the District of Columbia. *See Holmes-Hamilton*, 2021 WL 5166376, at *5 (transferring a FOIA action to the District of Columbia when venue was not proper as to one of the plaintiffs in the District of Maryland).

---

[2] The Complaint lists Abissi's residence as being in Clarksburg, Maryland, and Gatore's residence as being in Middle River, Maryland. (ECF No. 1 at 1.)  The Court takes judicial notice of the fact that the distance from Clarksburg to D.C. is approximately 38 miles, and that the distance from Middle River to D.C. is approximately 52 miles.

**IV.     Conclusion**

For the foregoing reasons, a separate Order will issue, granting in part and denying in part USCIS's Motion to Dismiss or Transfer (ECF No. 13), and directing the Clerk to transfer this case to the United States District Court for the District of Columbia. The Order will also grant, *nunc pro tunc*, USCIS's unopposed Motion for Extension of Time (ECF No. 12), given that it sought a modest extension and did not prejudice Plaintiffs.

DATED this **4** day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge

8